JONATHAN ANDREWS *et al. vs.* MARIO MOLLICA *et al.*

JUNE 28, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This bill in equity is brought to establish a lien upon real estate described in a bond given to discharge an attachment. After hearing upon bill, answer and proof, final decree was entered dismissing the bill. Complainants have appealed from this decree on the grounds that it is against the law and the weight of the evidence.

June 21, 1928, the Providence Box and Lumber Co. commenced an action at law against one Calabro, and his goods and chattels were attached by a deputy sheriff. The attached goods were surrendered by the officer upon receipt of a bond dated June 23, 1928. Calabro signed the bond as principal and Mario Mollica and his wife, Dominica, purported to sign as sureties. Mario's name is signed by his mark. In the bond the sureties deposed that they owned the real estate described therein, and that its value was more than $5,000 over all encumbrances thereon.

The penal sum of the bond was $3,500. The bond was to be void upon the payment of any judgment obtained in the action against Calabro. The action was duly prosecuted and July 19, 1930, judgment was entered against Calabro for $3,061.69. The judgment not being paid, this bill was brought to establish a lien upon the real estate of the

sureties described in the bond. *Andrews, Sheriff* v. *Peacock,* 50 R. I. 260.

Respondent Mollica and wife each answered and averred that Calabro asked them to sign a bond for $200 and that the mark of Mario Mollica on the bond was a forgery.

After hearing the testimony the trial justice wrote a rescript in which he said that the sole question was whether Mario had signed the bond. He referred to the testimony and said he believed the fair preponderance of the evidence proved Mario did not sign the bond; and he thereupon ordered the bill dismissed. We have read the evidence and find it sufficient to support the finding of the trial justice on this issue.

Mrs. Mollica testified that she signed the bond on condition that her husband would later sign it and that it was represented to her to be a bond for $200. The obligees named in the bond—the sheriff and his deputy—knew nothing of this conditional signing of the bond or alleged misrepresentation as to the amount of it. They were not present when she signed the bond. The defendant Calabro signed the bond as principal. It is under seal and is on the usual printed form given to the sheriff to release an attachment. When the bond was delivered to the sheriff he surrendered the attached goods to Mr. Calabro.

Complainants contend that they may maintain their bill against Mrs. Mollica, the other surety on the bond. The bond is joint and several. In *Andrews et al.* v. *Tallman,* 47 R. I. 111, this court held that where fraud, in matters other than those relating to the genuineness of the signature on the bond, is practiced by one of two co-obligors upon the other who is in full possession of his faculties, able to read and write and the fraud is entirely unknown to the obligee, evidence of such fraud cannot be introduced under any plea and that even if such fraud could be established, it would not release the obligors upon the bond. In *Shepard Land Co.* v. *Banigan,* 36 R. I. 1, the court held that the fact that the principal practiced fraud upon any of the sureties in

429

order to obtain their signatures would not be a defense if the obligee was not privy to it. In *Cimini* v. *Zambarano*, 36 R. I. 122, the court held that the fact that the name of one surety on a replevin bond was forged by the principal on the bond would not discharge the other surety on the bond from liability to the obligee who had not participated in the fraud and had no knowledge of it. Where a bond is joint and several an action may be brought against any one of the obligors or against them all and in a suit against one, the defendant cannot compel the joinder of the other obligors. 9 C. J. 91; *Whipp* v. *Casey*, 21 R. I. 506.

Under the law stated and the evidence that plaintiffs were not parties to the fraud practiced upon Mrs. Mollica and had no knowledge of it, her testimony is not admissible to impeach the validity of the bond as to them and she is bound by its terms and conditions.

The appeal is sustained. So much of the decree as orders the bill dismissed as to Dominica Mollica is reversed.

July 3, 1933, the parties may present a form of decree to be entered in the Superior Court in accordance with this opinion.

*Huddy & Moulton, Stuart H. Tucker,* for complainants.
*Pettine, Godfrey & Cambio,* for respondents.